UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOROTHEA WAYNE HALE,              )
                                  )
           Plaintiff,             )    Case No. 1:09-cv-318
                                  )
v.                                )    Honorable Paul L. Maloney
                                  )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )    **REPORT AND RECOMMENDATION**
           Defendant.             )
_____)

       This was a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. (Complaint, docket # 1-3 at ID 9, ¶¶ 1, 2). On August 3, 2009, the court entered a judgment reversing the Commissioner's decision and remanding the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (docket # 11).

       On September 19, 2011, more than two years after this case was closed, plaintiff's attorney filed an application requesting $3375.00 in attorney's fees under 42 U.S.C. § 406(b). (docket # 12). On September 28, 2011, defendant filed a response. (docket # 13). Chief Judge Paul L. Maloney has referred the motion to me for the issuance of a report and recommendation. Upon review, I recommend that the motion for attorney's fees be denied without prejudice. I further recommend that the court require that any subsequent motion in this case for attorney's fees under section 406(b) be supported with appropriate evidence and a brief establishing that the motion is

timely, and that the attorney's fees requested are authorized by statute, do not exceed the statutory cap, and represent reasonable compensation for the work plaintiff's attorney performed before this court.

## Discussion

Attorney Karen Spencer seeks an award of $3375.00 in attorney's fees under 42 U.S.C. § 406(b). The decision whether to award attorney's fees under section 406(b) is committed to the sound discretion of the district court, and the decision awarding or denying fees is reviewed on appeal under the deferential abuse of discretion standard. *See Damron v. Commissioner*, 104 F.3d 853, 856 (6th Cir. 1997). Ms. Spencer's motion[1] was not accompanied by a supporting brief, in violation of Rule 7.1(a) of the Local Civil Rules of the Western District of Michigan, and could be denied on that basis alone. The only legal authority cited in the motion is a citation to the statute: 42 U.S.C. § 406(b). (docket # 12 at ID # 55).

1. Section 406(b) Does Not Authorize An Award of Attorney's Fees
   from an Award of Past Due SSI Benefits under Title XVI

Attorney Spencer's motion is remarkably uninformative regarding the result achieved at the administrative level after the court entered its August 3, 2009 judgment remanding the matter to the Commissioner for further administrative proceedings. The date of the Social Security Administration's decision and the amounts awarded, if any, for plaintiff's past-due DIB and SSI

---

[1] Under 42 U.S.C. § 406(b), "a prevailing claimant's fees are payable only out of the benefits recovered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Although the motion is ostensibly brought in the plaintiff's name, "the real party in interest" is plaintiff's attorney. *Id.* at 798 n.6.

benefits are not provided.  Assuming that plaintiff was awarded SSI benefits, Attorney Spencer cannot recover fees under section 406(b) from the past-due SSI benefits.  Section 406(b) "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act." *Napier v. Commissioner*, 190 F. App'x 458, 459-60 (6th Cir.  2006)(citing 42 U.S.C. § 406(b)); *Edwards v. Commissioner*, No. 1:07-cv-848, 2009 WL 367825, at * 1 n.1 (W.D. Mich. Feb 19, 2009)(Maloney, C. J.).  "Title II is an insurance program.  Enacted in 1935, it provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need." *Bowen v. Galbreath*, 485 U.S. 74, 75 (1988); *Napier*, 190 F. App'x at 460 (citing 42 U.S.C. § 402).  "Title XVI is a welfare program.  Enacted in 1972, it provides SSI benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Bowen*, 485 U.S. at 75 (citing 42 U.S.C. § 1382(a)); *Napier*, 190 F. App'x at 460.  "As the Supreme Court has held, the two parts of the Act are distinct, and attorney's fees cannot be awarded pursuant to § 406(b) for successful Section XVI claims."[2]  *Napier*, 190 F. App'x at 460  (citing *Bowen*, 485 U.S. at 79).

       2.       Section 406(b) Does Not Authorize An Award of Attorney's Fees
                for Work Plaintiff's Attorney Performed before the Administrative Agency

Attorney Spencer asks the court to enter an order compensating her for work she performed at the administrative level.  (docket # 12 at ID # 58-60).  The court must decline this invitation to reversible error.  Any request for payment for services the attorney performed before the agency must be directed to the agency.  Section 406 "deals with the administrative and judicial

---

[2] A claim for attorneys fees out of an award of past-due SSI benefits must be based on 42 U.S.C. § 1383(d)(2); *see Napier*, 190 F. App'x at 460.

review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht*, 535 U.S. at 793-94. Section 406(b) limits the court to fee awards based on the work performed before the court. *See* 42 U.S.C. § 406(b); *see also Gisbrecht*, 535 U.S. at 794-95; *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994); *Pendland v. Commissioner*, No. 1:08-cv-485, 2011 WL 4891025, at * 1 (S.D. Ohio Sept. 21, 2011); *Edwards v. Commissioner*, 2009 WL 367825, at * 1 n.1 ("The court is authorized to award § 406(b) fees only for the work that prevailing counsel did in that court, not for work done before an agency.").

### 3. Plaintiff's Attorney Has Not Satisfied Her Burden Under Section 406(b)

The burden is on the attorney claiming fees under section 406(b) to prove her entitlement to fees and the reasonableness of the fees sought. *Gisbrecht*, 535 U.S. at 807. Plaintiff's attorney has not satisfied her burden.

Section 406(b) "does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is another genre: It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802. Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. Attorney Spencer has not supplied evidence

establishing the amount of plaintiff's award of past due DIB benefits, if any.  Absent such evidence, the court cannot determine the reasonableness of the attorney's fees sought, whether the requested amount falls below the statutory percentage cap, and whether the Social Security Administration has retained any funds from which counsel could be paid.[3]  I recommend that the motion for attorney's fees be denied without prejudice.

    4.    <u>Timeliness Issue</u>

Although I have recommended that plaintiff's attorney's unsupported motion be denied without prejudice, any renewed motion will raise serious questions of timeliness.  If she elects to file second motion for fees under section 406(b), and supports the motion with evidence and a brief, her brief must address the issue of why the court should not deny the motion as time-barred.

The court's sentence-four remand was a final judgment, and this court did not retain jurisdiction.  *See Shalala v. Schaefer*, 509 U.S. 292, 299-302 (1993) ("[A] sentence four remand order terminates the civil action seeking review of the [Commissioner's] final decision.").  Section 406(b)(1)(A) states, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the

---

[3]Section 406(b) is not a waiver of sovereign immunity.  *See In re Handel*, 570 F.3d 140, 144-45 (3d Cir. 2009).  The statute "cannot be construed as a waiver of immunity because it contemplates payment of the fee award by the *claimant* out of past due benefits, rather than by the government, out of general funds."  *Id.* at 144 (quoting *Pittman v. Sullivan*, 911 F.2d 42, 46 (8th Cir. 1990)).

total of the past-due benefits to which the claimant is entitled by reason of such judgment [4] . . . ." 42 U.S.C. § 406(b)(1)(A). The Sixth Circuit has not yet addressed the issue of when a motion for attorney's fees pursuant section 406(b) must be filed. Section 406(b) does not contain a time limit for fee requests. Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure states, "Unless a statute or court order provides otherwise, the motion [for attorney's fees] must be filed no later than 14 days after entry of judgment . . . ." FED. R. CIV. P. 54(d)(2)(B). Plaintiff's attorney did not file her motion for attorney's fees within fourteen days of the court's August 3, 2009 judgment. It appears probable that the Sixth Circuit would follow the Fifth Circuit's decision in *Pierce v. Barnhart*, 440 F.3d 657, 663-64 (5th Cir. 2006), and hold that any motion for fees in this case was untimely because it was filed far outside the fourteen-day period.[5] *See Trepel v. Roadway Express, Inc.*, 64 F. App'x 439, 443 (6th Cir. 2003) ("Trepel failed to comply with Federal Rule of Civil Procedure 54(d)(2)(B), which require[d] him to file a motion for attorney's fees no later than fourteen days after entry of judgment, specifying the judgment entitling him to the award.").

The Eleventh Circuit agrees that the fourteen-day period after entry of judgment prescribed by Rule 54(d)(2)(B) is the time within which counsel must file section 406(b) motions: "We agree with the Fifth Circuit that Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee

---

[4] The court's judgment did not entitle plaintiff to any social security benefits. The judgment ordered the matter remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). The Sixth Circuit has indulgently interpreted the statute's "entitled by reason of such judgment" to include judgments providing for remand pursuant to sentence four, when it is followed by an administrative award of benefits. *See Philpott v. Gardner*, 403 F.2d 774, 775 (6th Cir. 1968).

[5] The Fifth Circuit's *Pierce* decision is consistent with Sixth Circuit authority in that it recognizes that "[a]n award of attorney's fees out of past-due benefits is discretionary, and we will not reverse a district court's denial of attorney's fees under § 406(b) absent an abuse of discretion." *Pierce v. Barnhart*, 440 F.3d at 663 (citing *Damron v. Commissioner*, 104 F.3d 853, 856 (6th Cir. 1997)).

claim." *Bergen v. Commissioner*, 454 F.3d 1273, 1277 (11th Cir. 2006). However, in *Bergen*, the Eleventh Circuit stated, "Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue and merely hold that the petitions were timely." 454 F.3d at 1277-78 (citing *Shepherd v. Apfel*, 981 F. Supp. 1190 (S.D. Iowa 1997)). It is doubtful that the Sixth Circuit would find such a silent "waiver" to be appropriate in this context, because the claimant, the only person who has an interest in this matter, has waived nothing. Any attorney fee under section 406(b) is deducted from the award of past-due benefits to the client. The attorney has a significant financial interest, and would not be expected to raise an issue regarding the timeliness of her own motion. The defendant, at this juncture, has no financial incentive to assert a challenge to the timeliness of a motion for section 406(b) attorney's fees. (*See, e.g.*, docket # 13 ¶ 1)("[T]he Social Security Administration (the Agency) has no financial stake in counsel's request."). The issue for the defendant is not the total amount to be paid out in past-due benefits, but whether any portion of that fixed total is payable to plaintiff's attorney. In *Gisbrecht*, the Supreme Court described the court's role under section 604(b) as that of "an independent check" to assure reasonable results, which almost certainly includes rejecting untimely fee applications. 535 U.S. at 807. Further, this court has a significant interest in not entertaining stale motions in closed cases. Finally, the court is required to raise jurisdictional issues *sua sponte*, *see Klepsky v. United Parcel Servs.*, 489 F.3d 264, 268 (6th Cir. 2007), and any subsequent motion for fees by plaintiff's attorney would necessarily be filed more than two years after the court entered its final judgment. In summary, it is extraordinarily unlikely that the Sixth Circuit would find "waiver" to be appropriate in this context generally, or under the specific facts presented herein.

The Third Circuit recently joined the Fifth and Eleventh Circuits and held that Rule 54(d)(2)(B) establishes the deadline for filing a motion for section 406(b) attorney's fees. *See Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010). The Eleventh Circuit noted that this solution remains problematic:

> By its terms, § 406(b) conditions the right to fees on the award of benefits and caps those fees at twenty-five percent of the awarded benefits. Thus a court cannot determine whether a right to a fee award exists and what the value of that fee award should be until the administrative remand proceeding is complete and the amount of benefits is fixed. However, a remand under 42 U.S.C. § 405(g) would rarely, if ever, be completed within fourteen days of the remand order. Therefore, a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order, is necessarily premature; and a similar motion filed after the administrative determination of benefits is most likely untimely.

593 F.3d at 278. The Third Circuit's solution was "hold[ing] that the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award. Counsel will have fourteen days from notification of the notice of award to file a fee petition in the district court." *Id.* at 280. It appears that the Third Circuit's "equitable tolling approach" may not save any motion for section 406(b) attorney's fees in this case. Attorney Spencer's "Itemization of Time Spend Working on Case" indicates that she received and reviewed the notice of decision from the Office of Disability Adjudication and Review (ODAR) on August 2, 2010, and she received and reviewed the letter from the Social Security Administration regarding plaintiff's benefits on November 9, 2010. (docket # 12 at ID # 59).

The Tenth Circuit has adopted a different approach to the question of when a section 406(b) motion must be filed. Rather than attempting to apply the specific provisions of Rule 54(d)(2)(B) in a sentence-four remand context, the Tenth Circuit resorts to Rule 60(b)(6)'s catch-all of "any other reason justifying relief from the operation of the judgment," and holds that a motion for attorney's fees under section 406(b) must be filed within a reasonable time of the

Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). There is significant legal authority suggesting that Sixth Circuit would decline to adopt the Tenth Circuit's indefinite "reasonable" time approach, because it abandons any attempt at principled application of the specific attorney's fee provision found in Rule 54(d)(2)(B). Moreover, Rule 60(b)(6) applies to motions seeking relief from judgment. Plaintiff's attorney is not requesting relief from any aspect of this court's judgement.[6] *See Bentley v. Commissioner*, 524 F. Supp. 2d 921, 922 (W.D. Mich. 2007)("A § 406(b) motion for attorney's fees cannot be viewed as a motion for relief from judgment without straining the meaning and purpose of a motion for relief from judgment under Rule 60."). Finally, the Sixth Circuit appears to be far more disciplined in its application of Rule 60(b)(6). Rule 60(b)(6) is limited to cases involving "unusual and extreme situations where principles of equity mandate relief." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007). This is not such a case. Assuming *arguendo* that a panel of the Sixth Circuit adopted the Tenth Circuit's approach, the result in this case would be unaltered, because plaintiff's attorney apparently received notice of the Administration's decision in August or November 2010 (docket # 12 at ID # 59) and delayed unreasonably in waiting until September 19, 2011 to file the perfunctory and unsupported motion for attorney's fees addressed herein.

---

[6]"*McGraw* also conflicts in principle with the Supreme Court jurisprudence that instructs that a post-judgment motion for attorney's fees is not properly asserted as a motion to amend or alter judgment." *Walker v. Astrue*, 593 F.3d at 279 (citing *White v. New Hampshire Dep't Employment Sec.*, 455 U.S. 445, 451 (1982)).

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's attorney's motion for fees (docket # 12) be denied without prejudice.

I further recommend that the court require that any subsequent motion for attorney's fees in this case by plaintiff's attorney under 42 U.S.C. § 406(b) be supported by evidence, including a copy of the Social Security Administration's notice to plaintiff as to the amount of any award for past-due DIB benefits. Further, the evidence must establish whether any portion the award for past-due DIB benefits was retained by the Administration, and if funds were retained, the exact dollar amount. The motion must be accompanied by a supporting brief (and proofs, if necessary) establishing that the motion is timely, and that the attorney's fees requested are authorized by statute, do not exceed the statutory cap, and represent reasonable compensation for the work plaintiff's attorney performed before the court.

Dated:   October 25, 2011                     /s/  Joseph G. Scoville
                                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)©; FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).